# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ERIC TERFA ULA-LISA,**

        **Plaintiff,**

v.                                                        Case No. 04-C-1020

**WAUKESHA COUNTY, and
CITY OF WAUKESHA FIRE &
POLICE COMMISSION,**[1]

        **Defendants.**

## DECISION AND ORDER

Pro se plaintiff Eric Terfa Ula-Lisa brings this action under 42 U.S.C. § 1983 alleging that his civil rights were violated when law enforcement officers removed him from his home in connection with a divorce action. Plaintiff now moves to join parties and to amend his complaint, and defendants Waukesha County ("the County") and the City of Waukesha Fire and Police Commission ("the City") move for summary judgment. I will address each motion herein.

### I. PLAINTIFF'S MOTION TO JOIN PARTIES AND AMEND COMPLAINT

Because plaintiff is pro se, I construe his submissions liberally. Hudson v. McHugh, 148 F.3d 859, 864 (7th Cir. 1998) (citing Haines v. Kerner, 404 U.S. 519 (1972)). "When the substance of a pro se civil rights complaint indicates the existence of claims against individual

---

[1] In addition to the above defendants, plaintiff named John Does 1-10. Allowing a plaintiff to file a complaint against an unnamed party is disfavored. Strauss v. City of Chicago, 760 F.2d 765, 770 n.6 (7th Cir. 1985). Further, a plaintiff cannot sustain a complaint against a John Doe without engaging in discovery. Id. (noting that a "plaintiff ha[s] the responsibility of taking the steps necessary to identify the officer responsible for his injuries, a responsibility substantially supported by the discovery mechanisms available to him during the pendency of the lawsuit"). Here, plaintiff has sought to name only two of the John Doe defendants, and presents no evidence with respect to the identity of the remaining eight. As such, I will dismiss the remaining John Doe defendants from the action.

officials not specifically named in the caption of the complaint, the district court must provide the plaintiff with an opportunity to amend the complaint." Donald v. Cook County Sheriff's Dep't, 95 F.3d 548, 555 (7th Cir. 1996). Moreover, "[t]o the extent the plaintiff faces barriers to determining the identities of the unnamed defendants, the court must assist the plaintiff in conducting the necessary investigation." Id.

Motions to join under Fed. R. Civ. P. 20 are permissive and vest discretion in the district court. Intercon Research Assoc. v. Dresser Indus., 696 F.2d 53, 56 (7th Cir. 1982). A party seeking joinder must satisfy two requirements: "(1) a right to relief must be asserted by the plaintiff against each defendant relating to or arising out of the same transaction or series of transactions; and (2) some common question of law or fact must be present with respect to all parties in the action (i.e. a common thread)." Id. at 57. In addition to the threshold, two-prong, test of Rule 20(a), "'a trial court must also examine the other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness.'" Intercon, 696 F.2d at 58 (quoting Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980)). "In summary, Rule 20(a) was designed to allow a plaintiff to join only those parties against whom the plaintiff has a legitimate claim." Id. With respect to amendments, pursuant to Fed. R. Civ. P. 15, "leave to amend is to be 'freely given when justice so requires.'" Payne v. Churchich, 161 F.3d 1030, 1036 (7th Cir.1998).

Plaintiff first seeks to join as defendants the United States Secret Service, the Federal Bureau of Investigation, the Department of Homeland Security, and Attorney General Alberto Gonzales. Plaintiff fails to allege facts sufficient to satisfy the threshold test of Rule 20(a). He alleges no facts suggesting a right to relief arising out of the same transaction that gave

rise to the original complaint nor the presence of a question of law or fact common to the parties he wishes to join and the original defendants.

Plaintiff also seeks to join as defendants police officer Neil Dussault and deputy sheriff Joel Behling in place of two of the "John Does" that he originally named, and to join as defendants Charles Tive, and attorneys Frank Steeves and Raymond Pollen. Dussault and Behling were the officers who removed plaintiff from his home. Because plaintiff is pro se, I will permit him to add Dussault and Behling as defendants. However, plaintiff presents nothing to suggest that Tive, Steeves or Pollen had anything to do with the incident giving rise to this case, and, therefore, I will deny his request to join them.

## II. DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

As stated, defendants County and City seek summary judgment. They have provided plaintiff with copies of the rules relevant to summary judgment motions. Plaintiff's claim against the County and City is based on his allegation that a County and a City employee unlawfully removed him from his home after serving him with divorce papers. The officers indicate that they believed that the papers they served directed them to remove plaintiff, but that their belief was mistaken because the reference to removal was contained in an affidavit rather than a court order. When the mistake was discovered, the police officer's superior apologized to plaintiff and advised him that the mistake was isolated and unprecedented. I may grant defendants' summary judgment motion only if there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). In deciding the motion, I take all facts and reasonable inferences therefrom in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

A municipality may not be found liable under § 1983 on a respondeat superior theory. Monell v. Dep't of Soc. Serv., 436 U.S. 658, 691 (1978). It may only be found liable if it has:

(1) an express policy that when enforced, causes a constitutional deprivation; (2) a widespread practice that is so permanent and well settled to constitute a "custom or usage"; or (3) an allegation that the constitutional injury was caused by a person with final policy-making authority. McTigue v. City of Chi., 60 F.3d 381, 382 (7th Cir. 1995). Thus, for plaintiff's claim against the County and City to survive, he must provide evidence satisfying one of the above requirements. Plaintiff presents no evidence that the County or City has an express policy of removing persons served with divorce papers from their homes or that they have a custom or practice of doing so. Further, plaintiff presents no evidence that a person with policy-making authority caused him to be removed from his home. In sum, plaintiff fails to satisfy any of three requirements of Monell. Therefore, I will grant the summary judgment motions of the County and City.

### III. CONCLUSION

Therefore,

**IT IS ORDERED** that plaintiffs motions to join additional parties and to amend the complaint are **GRANTED IN PART AND DENIED IN PART** as described herein.

**IT IS FURTHER ORDERED** that other John Doe defendants are dismissed.

**FINALLY IT IS ORDERED** that the County's and the City's motions for summary judgment (Docket # 37 & 44) are **GRANTED,** and plaintiff's claims against them are dismissed.

Dated at Milwaukee, Wisconsin, this 3 day of August, 2006.

/s
LYNN ADELMAN
District Judge