# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ERIC TERFA ULA-LISA,
        Plaintiff,

    v.                                  Case No. 04C1020

PAUL BUCHER, et al.,
        Defendants.

## ORDER

Plaintiff Eric Terfa Ula-Lisa commenced this action alleging defendants discriminated against and harassed him in a variety of ways. I dismissed several defendants for different reasons. The remaining defendants, Neil Dussault and Joel Behling filed a motion to dismiss and a motion for judgment on the pleadings, respectively. Plaintiff failed to respond to these motions. In a letter to plaintiff dated July 30, 2007, I allowed plaintiff an extension of time to file his responses and informed him that should he fail to file a response I could decide the motions without his input or dismiss his action. Plaintiff failed to respond in any manner.

Plaintiff has exhibited a pattern of delay through the course of this case. For example, plaintiff failed to effectuate service upon defendants Willow Park Development Authority and US Bancorp, even after my order of March 1, 2005 allowed him an extension of time to do so. Additionally, plaintiff has failed to effectuate proper service upon the remaining defendants Dussault and Behling despite being informed by court order over six months ago that failure to do so would result in dismissal of claims. Plaintiff also failed to

respond to defendants' motions to dismiss despite a court order directing him to file a response by August 10, 2007 or risk dismissal of his action.

Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal for failure to prosecute an action or to comply with court orders. It is well settled that "the ultimate sanction of dismissal should be involved only in extreme situations, where there is a clear record of delay or contumacious conduct." Rice v. City of Chi., 333 F.3d 780, 785-86 (7th Cir. 2003) (internal citations omitted); see also Bolt v. Loy, 227 F.3d 854, 856 (7th Cir.2000) (a plaintiff's failure to respond that delays the litigation can be a basis for a dismissal for lack of prosecution). However, no case should be dismissed for failure to prosecute without a warning to the plaintiff, either explicitly or by making clear that no further extensions of time will be granted. Bolt, 227 F.3d at 856 (citing Williams v. Chi. Bd. of Educ., 155 F.3d 853 (7th Cir.1998)). Moreover, there is no requirement for district courts to impose graduated sanctions. Rice, 333 F.3d at 785 (citing Ball v. City of Chi., 2 F.3d 752, 756 (7th Cir.1993)).

Civil Local Rule 41.3 (E.D.Wis.), which governs dismissal for "lack of diligence," provides, "Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action the Court may enter an order of dismissal with or without prejudice. Any party can petition for reinstatement of the action within 20 days."

Based on a review of the record and upon consideration of the applicable law, I conclude that this action should be dismissed for failure to prosecute. I have granted plaintiff several extensions of time in this case, but plaintiff has not made use of this leniency and has demonstrated that he clearly is not interested in prosecuting this action. I have given plaintiff fair warning that his case is subject to dismissal, and I believe that

dismissal here is the appropriate sanction. Plaintiff can petition for reinstatement of this action within 20 days.

**IT IS THEREFORE ORDERED** that this action is dismissed without prejudice pursuant to Civil Local Rule 41.3 (E.D.Wis.).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment dismissing this action.

Dated at Milwaukee, Wisconsin this 20 day of October, 2007.

/s
LYNN ADELMAN
District Judge